CaRUTKERS, J.,
delivered the opinion of the Court.
Defendant, Bain, is a nephew and legatee of Montgomery Bell, late of Davidson county. His legacy, being one-fourth of the whole estate, after specific legacies, amounted to about $>5000, and was in the hands of defendants, Roberts,' Watkins and Bell, as the executors. The complainant, a citizen of Kentucky, is a creditor of Bain to the amount of $2,173.79, by two notes assigned to him by Peter Higgins.
Allen filed this bill the 22d of October, 1857, against the said Bain and the executors, and attached the said legacy in their hands. The answer of the executors admits the sufficiency of the fund in their hands, but allege that they had notice of an assignment by Bain of this legacy, to one Stephens, of Philadelphia, for the benefit of two other creditors — Hallowell and Roberts. By order of the Court, Stephens, the trustee, and these creditors, were made defendants. The Chancellor held *105 that the assignment was valid, and that Allen was only entitled to what might remain after the satisfaction of the debts therein provided for, and- ordered an account. The result was, that' Allen had a decree only for $831 of his debt, .that being the balance of the fund remaining after paying the debts of Roberts, Hallowell, and Bacon.
The question made in .argument is, upon the validity of the assignment to Stephens, as against Allen’s attachment. It is prior in date, having been’ made in the city of Philadelphia, thb 30th of March, 1857, and purports to have been acknowledged before one “ John Binñs, Commissioner of Tennessee,” on the next day, as appears by his certificate, and registered the 22d of June, 1857, in Davidson county. The parties lived in Philadelphia where the deed was made, but the executors and the fund were in Tennessee. It does not appear that the deed was recorded in Pennsylvania. It was, however, forwarded to the executors, who handed it over for registration, at the time stated, in Davidson county.
The assignment is for the expressed consideration of $2,500 to him in hand paid, by Lewis H. Stephens, of “ all the right, title and interest, property, claim and demand, of whatever nature or kind, whether real, personal, or mixed, in possession, remainder, or expectancy, and wherever situate, coming to the said George 0. Bain from the estate of Montgomery Bell, deceased, * * * which he is entitled to .as one of the heirs of said Montgomery Bell, deceased.” “ In trust, nevertheless, to pay O. P. McRoberts, of JNashville,” the amount of his indebtedness to him, and “ afterwards, to pay over the balance coming into the hands of the said Stephens, to *106 Charles Hallowell, of the city of Philadelphia, to and for his own proper use and behoof.”
It turned out that the amount due to McRoberts from Bain, was only $>548.57, which, together with other amounts paid out by the executors to Bain, and to his order, and the amount of his indebtedness to the estate, leaves a balance in their hands of $2,883.96. The report of the Master shows the debt of Hallowell & Bacon to be $2,052.69.
As there is not a sufficient fund to pay both, the question is one of priority between the complainant and Hallowell & Bacon.
It is insisted for Allen that the assignment is of no force as against his attachment, for two reasons: 1st. It is void as to creditors, if no other objection existed, because it was not registered or recorded, as required by the laws of Pennsylvania, where it was made and the parties to it resided.
It is the general rule that the alienation by assignment, or otherwise, of personal property, must he controlled by the laws of the owner’s domicil, or place of the transfer, no matter where situated, with the exception that in ascertaining and giving preferences and priorities, the government where the property is situated, will not extend this comity so far as to prejudice its own citizens, but will protect their interests in preference. Burrell on As’gt., 336.
A transfer of personal ■ property, good by the law of the country .where made, will, with few exceptions, be good everywhere. 1 Swan, 399, citing Story’s Conflict, secs. 380, 383 and 384. And the converse of this is generally true.
*107 The validity and operation of this assignment must he tested by the laws of Pennsylvnia. Story on Conflict, § 423. This must extend to all the requirements there to make it binding; and whatever defects would avoid it there, will follow it here and everywhere. If for want of registration it be declared void there, as against creditors, so it would be here. By the Pennsylvania act, in Purdon’s Digest, p. 53, it is declared that “ all assignments, so as aforesaid to be made and executed, which shall not be recorded in the office for recording deeds, in the county in which such assignor resides, within thirty days after the execution thereof, shall be considered null and void, as against any of the creditors of the said assignor.”
This statute has been held to apply to the assignment of property out of the State as well as in it. Weber v. Samuel, 7 Bar., § 499; Burrell, 268, 269.
But another question. is, whether, by the laws of Pennsylvania, the assignment of a legacy is embraced by their acts to which we have referred. • -
It has been held in this State, in -one or more unreported cases decided some 'years ago, that our registry acts did not apply to assignments of choses in action.
Whether this would fee so under the statutes of Pennsylvania, would depend upon the .construction given to them by their Courts. These would come to us with their statutes, having the same binding forcé as the law of that State, though it might conflict with our own construction of a similar statute of ours; the question being, not what the law of Pennsylvania should ■ be, in our opinion, upon a proper construction, but what it is settled t" be tWr. That, is, we take their construction *108 of tlieir own statutes to be the correct one in questions of this hind.
But, after all, there may he no difference between us. Our registry act of 1831, or that of 1839, ch. 26, which is, perhaps, the broadest in its terms, in describing what may be registered, embraces “ deeds, powers of attorney, and other instruments for the transfer and conveyance of property or effects, real or personal, or appointing agents to transact any business whatever, and all other deeds of every description.”
In the case of Marshall et al. v. Fields et al., decided by this Court in 1851, it was held that this did not embrace an assignment of a claim against a turnpike company, made in trust for the security of debts; and, consequently, the fact of registration did not operate as notice, because it was not required by the acts to be registered. Therefore such an assignment did not operate as against attaching creditors of the company, being incomplete without notice ' to the common debtor’. This case was not reported, but it is in the recollection of the member of the Court, who was then on the bench, that the point was then distinctly decided and applied to other cases. The point settled was, that assignments of choses in action, and that would embrace legacies, was not intended by the Legislature to be included in the enumeration of instruments required to be registered. Whether the Code, in section 2030, enlarges the old acts on this subject, need not be examined now.
But it will be observed that “ assignments ” are not in terms included in any of our acts. Although it might seem that the words “instruments” or “deeds” *109 would include them; yet the Pennsylvania Legislature appears to have thought differently, as it has provided for the two eases by distinct acts.
This word in its largest sense, at least in common parlance, signifies the transfer of all kinds of property, either absolutely or in trust. But in its more confined sense, and particularly in- mercantile transactions, it is used in contradistinction to sales, and the sense in which it is treated of by “ Burrell on Assignments ” is as transfers by way of security for, or in payment of debts, and implies the existence of the relation of debtor and creditor. Burrell on Assignments, 3, 4. And this is evidently the sense in which they are regarded in the Pennsylvania acts before cited.
The decisions noted upon the act before extracted from Purdon’s Digest, 53, .at the foot of the same page, clearly show the scope given to their act to be such as to embrace assignments like this.
It follows, then, that by the laws of Pennsylvania, "as the assignment to Stephens for the benefit of Hallo-well was not recorded, as prescribed by the laws of that State, it is “null and void as against any of the creditors of the assignor,” Bain. It would, however, be good between the parties.
This view of the case renders it unnecessary to notice the other questions made against the assignment, and the result is, that the complainant, Allen, by virtue of his attachment of the fund in the hands of the executors of Montgomery Bell, to which Bain is entitled as a • legatee, is entitled to priority of satisfaction over Hallo-well and Bacon.
*110 The decree of the Chancellor to the contrary will therefore be reversed to tha,t extent, and decree entered here in accordance with this opinion.